Dear Mr. Ratcliff:
This letter is in response to your request for an opinion as to whether the appointment to employment of a niece of the wife of a brother by the Adair County Circuit Clerk would violate VII, § 6, of the Missouri Constitution. This article forbids the employment or appointment to public office by a public official of any relative within the fourth degree of relationship, by consanguinity or affinity.
Under the factual situation outlined in your opinion request, the Circuit Clerk of Adair County wishes to appoint the niece of her brother's wife to a public position. Obviously, no question of consanguinity exists here because the parties are not blood relatives. Under principles of affinity as laid out in State v. Thomas, 174 S.W.2d 337, (Mo. 1943), the clerk's brother is related to the niece of his wife through marriage. However, as stated in the Thomas
case:
 A kinship by affinity — arising through marriage — exists only between each spouse and the blood relatives of the other spouse. State v. Thomas, Id. at 338.
Therefore, the Circuit Clerk of Adair County is not related by affinity to the relatives of the wife of the clerk's brother. The appointment of a niece of the clerk's brother's wife would not violate Article VII, § 6, of the Missouri Constitution.
Very truly yours,
 JOHN ASHCROFT Attorney General